## Belle Orndorff, Appellee, v. Supreme Lodge Knights of Pythias, Appellant.

INSTRUCTIONS—*must not assume facts in dispute.* An instruction is prejudicial and ground for reversal which assumes the existence of material facts not proven.

Assumpsit. Appeal from the Circuit Court of Clark county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 19, 1909. Rehearing denied June 30, 1909.

CARLOS S. HARDY, for appellant.

GOLDEN, SCHOFIELD & SCHOFIELD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The plaintiff recovered a verdict and judgment against the defendant in the Circuit Court of Clark county for $2,065, upon a benefit certificate issued to Thomas A. Orndorff, the husband of the plaintiff. To the declaration in the usual form, defendant pleaded the general issue, together with a special plea alleging that the insured made untruthful answers to certain questions in the application for the benefit certificate, which answers were known by the insured to be false at the time they were made, and that the defendant was deceived by such answers and believed them to be true.

As the judgment must be reversed for error in giving the third instruction, offered at the instance of plaintiff, it is not necessary to consider other errors assigned relating to the action of the court in refusing to grant a continuance and in suppressing the deposition of the witness Leon J. Willien.

The instruction referred to is as follows:

"The court further instructs the jury that if they find from the preponderance of the evidence that Dr. P. P. Hazlett was the medical examiner of the defend-

ant, that said doctor made an examination of said Thomas A. Orndorff in reference to his health and bodily condition, with a view to procuring insurance on his life, and that said doctor, as such medical examiner, did make a report to the defendant and certified that said Orndorff was in good health, and had been for five years then last past, and the defendant thereupon on the faith of such certificate issued to said Orndorff the policy given in evidence, then the law is that the defendant is bound by the terms of said policy, and the jury are not to consider in making up their verdict, any evidence contrary to the certificate and report of said Dr. Hazlett, as the medical examiner in this case for the defendant, and in such case the jury should find for the plaintiff.''

There is not a particle of evidence in the record tending to show that the medical examiner, Dr. Hazlett, made a report to the defendant certifying that Thomas A. Orndorff was in good health and had been for five years then last past, and the giving of this instruction, which not only assumed that there was such evidence, but which also assumed the existence of such a report and certificate made by Dr. Hazlett, was highly prejudicial to the defendant.

For the error in giving said instruction the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*